UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HB STRATEGIES LLC,<br><br>                      Plaintiff,<br><br>    v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                      Defendant. | Case No. 1:24-cv-9052<br><br>**COMPLAINT** |

Plaintiff HB Strategies LLC alleges as follows:

### PRELIMINARY STATEMENT

1. This case involves beneficial interests in the 7.0% 2018 Notes issued by Defendant the Bolivarian Republic of Venezuela ("Venezuela"), CUSIP No. P97475AD2 ("the Notes"). Venezuela issued the Notes pursuant to a 2001 fiscal agency agreement, as amended on September 19, 2003 (collectively the "FAA"), Exhibit A. Under the FAA and the terms of the Notes, as set forth in the offering circular (Exhibit B), Venezuela made unconditional promises to make punctual principal and interest payments. Since late 2017, however, Venezuela has failed to make contractually mandated principal and interest payments on the Notes. In order to preserve its continued right to payments under the Notes, Plaintiff seeks to recover all accrued and unpaid principal and interest, including principal and interest that may accrue and remain unpaid prior to final judgment, plus prejudgment interest, and post-judgment interest.

### PARTIES

2. Plaintiff HB Strategies LLC ("HB Strategies") is a limited liability company organized and existing under the laws of Delaware, with a principal place of business in Greenwich, Connecticut.

3. Defendant the Bolivarian Republic of Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1330(a) because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity under 28 U.S.C. §§ 1605–07 or under any applicable international agreement. Venezuela is not entitled to sovereign immunity because, in the FAA and the Notes, it explicitly and irrevocably waived sovereign immunity with respect to actions arising out of the FAA or the Notes. Ex. A § 14; Ex. B at 22. In addition, under 28 U.S.C. § 1605(a)(2) Venezuela is not entitled to sovereign immunity because this action is based upon Venezuela's commercial activity, including marketing and offering the Notes in the United States; promising to make payments in the United States; directing the actions of its fiscal agents in the United States; and breaching its contractual obligations to HB Strategies and others.

5. This Court has personal jurisdiction over Venezuela because, in the FAA and the Notes, Venezuela explicitly and irrevocably submitted to the exclusive jurisdiction of this Court with respect to actions arising out of the FAA or any notes issued thereunder. Ex. A § 14; Ex. B at 21.

6. Venue is proper because, in the FAA and the Notes, Venezuela consented to and waived any objection to venue in this Court with respect to actions arising out of the FAA or any notes issued thereunder. Ex. A § 14; Ex. B at 22. Venue is also proper under 28 U.S.C. § 1391(f)(1).

## FACTUAL ALLEGATIONS

7. The FAA is a contract among Venezuela and Banco Central de Venezuela, as official financial agent, and Deutsche Bank AG and Deutsche Bank Trust Company Americas

(formerly Bankers Trust Company), as fiscal agents and principal paying agents, dated July 25, 2001, and amended on September 19, 2003.  Ex. A.

8. The FAA is governed by New York law.  Ex. A § 12.

9. Venezuela issued the Notes under the FAA.  Ex. B at 11.

10. The FAA provides that any notes issued thereunder are unsecured, direct, unconditional, and general obligations of Venezuela.  Ex. A § 1.

11. The FAA further provides that Venezuela pledges its full faith and credit to the due and punctual payment of any notes issued thereunder.  Ex. A § 1.

12. The Notes are governed by their terms, as set forth in the Notes themselves and in the offering circular, as well as by the FAA.

13. The Notes accrue interest at a rate of 7.0% per year and provide for the payment of interest semi-annually on June 1 and December 1 of each year (or 3.50% per payment).  Ex. B at 11.

14. The Notes mature and provide for the repayment of principal on December 1, 2018. Ex. B at 11.

15. The Notes provide that if Venezuela fails to pay the principal amount when due, interest continues to accrue on the Notes.  Ex. B at 14.

16. The terms of the Notes provide that the Notes are governed by New York law. Ex. B at 21.

17. HB Strategies is a beneficial owner of the Notes in the amount of $50,194,000.

18. HB Strategies acquired the Notes for investment purposes and not primarily for the purpose of pursuing litigation.  HB Strategies purchased the Notes for a sum of at least $500,000 in the aggregate.  New York Judiciary Law § 489(1) therefore does not bar recovery.

19. HB Strategies has been authorized to bring this action as beneficial owner of the Notes, Exhibit C.

20. Beginning in December 2017, Venezuela began to cease meeting its obligations under the Notes. Since then, Venezuela has missed every contractually mandated interest payment on the Notes, amounting to fourteen missed interest payments so far.

21. In addition to missed interest payments, Venezuela has failed to pay the principal amount currently due on the Notes, which matured on December 1, 2018. The unpaid principal continues to accrue interest at the contract rate.

22. The Notes provide that the following occurrences, among others, constitute events of default: (1) Venezuela's failure to pay the principal amount when due for thirty days or more; and (2) Venezuela's failure to pay interest when due for thirty days or more. Ex. B at 16.

23. Because Venezuela has failed to make principal and interest payments due on the Notes for thirty days or more, multiple events of default exist under the terms of the Notes.

24. On October 31, 2024, HB Strategies sent to Venezuela, with copies to the fiscal agents identified in the FAA, a demand for the payment of the overdue and unpaid principal and interest under the Notes, Exhibit D.

**CLAIM FOR RELIEF**
(Breach of Contract on the 7.0% 2018 Notes)

25. HB Strategies repeats and realleges the allegations set forth in the foregoing paragraphs.

26. The Notes are a direct, unconditional, and general obligation of Venezuela.

27. HB Strategies, as a beneficial owner of the Notes, has performed any obligations it may have under the FAA and the Notes.

28. Venezuela failed to repay the principal on the Notes, which became due on December 1, 2018. Because Venezuela has not repaid the principal amount, the Notes continue to accrue interest at the contract rate.

29. Venezuela failed to make interest payments on the Notes on December 1, 2017; June 1, 2018; December 1, 2018; June 1, 2019; December 1, 2019; June 1, 2020; December 1, 2020; June 1, 2021; December 1, 2021; June 1, 2022; December 1, 2022; June 1, 2023; December 1, 2023; and June 1, 2024, as required by the terms of the Notes.

30. As a result, Venezuela owes HB Strategies the entire principal amount on the Notes, all unpaid accrued interest and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

**REQUEST FOR RELIEF**

HB Strategies demands judgment against Venezuela as follows:

a. A money judgment in an amount to be determined at trial, but not less than all accrued and unpaid principal and interest, including principal and interest that may accrue and remain unpaid prior to final judgment, plus prejudgment interest, and post-judgment interest.

b. All fees and costs, including attorneys' fees, as permitted by law.

c. Such other and further relief as the Court shall deem just and proper.

Dated:   November 26, 2024

                                         GIBSON, DUNN & CRUTCHER LLP

                                         By:   */s/ Matthew D. McGill*
                                               Matthew D. McGill
                                               Nick Harper
                                               Ben Schlichting
                                               1700 M St., N.W.,
                                               Washington, D.C.  20036
                                               Telephone:  202.887.3680
                                               mmcgill@gibsondunn.com
                                               nharper@gibsondunn.com
                                               bschlichting@gibsondunn.com

                                             *Attorneys for Plaintiff*