# GIBSON DUNN

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504

April 7, 2025

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *HB Strategies LLC v. Bolivarian Republic of Venezuela*, No. 1:24-cv-9052-AT

Dear Judge Torres:

Plaintiff HB Strategies LLC submits this letter in response to this Court's April 1, 2025 email directing Plaintiff, by April 7, to "file a letter on the docket stating its intentions with respect to the prosecution of this action" in light of Defendant the Bolivarian Republic of Venezuela's non-appearance. As explained below, Plaintiff is in the process of effecting service on Venezuela under the Foreign Sovereign Immunities Act ("FSIA").

Plaintiff initiated this breach-of-contract action on November 26, 2024. ECF 1. The complaint alleges that Venezuela has failed to make contractually mandated interest and principal payments on the 7.0% 2018 Notes issued by Venezuela and beneficially owned by Plaintiff.[1] Because Venezuela is a foreign state, Plaintiff must serve Venezuela in accordance with the FSIA, 28 U.S.C. § 1608(a).

Section 1608(a) provides four methods of service for foreign states "in descending order of preference." *Lovati v. Bolivarian Republic of Venezuela*, No. 19-cv-04796-ALC, 2020 WL 6647423, at *2 (S.D.N.Y. Nov. 11, 2020). "Plaintiffs must attempt service by the first method, or determine that it is unavailable, before attempting subsequent methods in the order in which they are laid out." *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 603 (S.D.N.Y. 2016) (citation omitted). As explained below, Plaintiff is in the process of serving Venezuela pursuant to the FSIA's framework.

***Service by Special Arrangement.*** If available, service on a foreign state must first be attempted "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state." 28 U.S.C. § 1608(a)(1).

---

[1]    Since filing suit, Plaintiff has sold most of the notes referenced in the complaint but still maintains a substantial position in the notes.

**GIBSON DUNN**

April 7, 2025
Page 2

The documents governing the 7.0% 2018 Notes create a special arrangement by specifying that service on Venezuela may be made at the Venezuelan Consulate in New York City. On December 2, 2024, Plaintiff engaged a process server to attempt service of the summons and complaint at the Venezuelan Consulate's last known address. But because the Consulate is closed (and has been for years), service was unsuccessful.

***Service by International Convention.*** The FSIA next provides that service be made by delivering copies of the summons and complaint in accordance with an applicable international convention. 28 U.S.C. § 1608(a)(2). Venezuela is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Venezuela has taken the position in other cases that Hague Convention service is unavailable given the political situation in Venezuela. *See e.g.*, *Lovati. v. Bolivarian Republic of Venezuela*, No. 19-cv-04796-ALC (S.D.N.Y. Mar. 13, 2020), ECF 44 (Hague Service unavailable because it "would require the Court to recognize the actions and decrees of the Maduro regime"). Although Plaintiff agrees with that position, out of an abundance of caution Plaintiff initiated Hague Convention service on December 27, 2024, by transmitting the requisite papers to Venezuela's Central Authority, which must then serve the papers at the office of Venezuela's Attorney General. Plaintiff was notified that the service papers reached Venezuela on January 3, 2025, but has not received any indication that service has been effected. Because service under the Hague Convention can take several months, Plaintiff currently intends to wait until May 1, 2025 before transitioning to alternative forms of service.[2]

***Service by Mail.*** The FSIA next authorizes service by mail. 28 U.S.C. § 1608(a)(3). Plaintiff does not intend to pursue this method of service because courts have held that service by mail is "unavailable" in actions against Venezuela, as Venezuela objected to service by mail upon entering the Hague Convention. *See Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, No. 17-cv-1457-TJK, 2018 WL 6605633, at *5 (D.D.C. Dec. 17, 2018).

***Service through the State Department.*** Section 1608(a)'s final method of service is through the U.S. State Department. 28 U.S.C. § 1608(a)(4). If Plaintiff does not receive notice that service has been effected via the Hague Convention by May 1, 2025, Plaintiff intends promptly to initiate service through the State Department by providing the requisite papers to the clerk of this Court, who will transmit those papers to the State Department.

---

[2]   The presumptive 90-day deadline for service imposed by Rule 4(m) "does not apply to service in a foreign country under … 4(j)(1)." Fed. R. Civ. P. 4(m). Rule 4(j)(1), in turn, governs service of "[a] foreign state … in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1).

**GIBSON DUNN**

April 7, 2025
Page 3

Respectfully submitted,

*/s/ Matthew D. McGill*

Matthew D. McGill